# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALISITY RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>BERTRAM'S SALMON VALLEY BREWERY, LLC, an Idaho limited liability company; GREGORY PICANZO, an individual; and JOE DANIELS, an individual,<br><br>Defendants. | Case No. 4:19-cv-00349-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendants Bertram's Salmon Valley Brewery, LLC, and Picanzo each filed motions to dismiss Plaintiff Richardson's claims in their entirety. Bertram's and Picanzo assert that Richardson's Title VII claim is time-barred, and that as a result of a dismissal of that federal claim, the state claims should be dismissed as well. If the Title VII claim is not dismissed, Picanzo seeks bifurcation of the state law battery claim filed against him, arguing it is not related to the Title VII claims. For the reasons explained below, the Court will deny all motions.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

In her amended complaint (Dkt. 3 at 3–6), Plaintiff Valisity Richardson alleges these facts:

Richardson submitted an application to work at Bertram's Salmon Valley Brewery on August 28, 2017. Tony Cruz, one of Bertram's managers, hired her on the spot, without interviewing her or reviewing her application. She was never given any hiring paperwork, including information about workplace policies or her rights under federal or state anti-discrimination laws, nor were these policies posted in the restaurant. While working at Bertram's, Richardson frequently heard male employees discuss and rate the bodies of female employees.

On the night of September 13, 2017 her direct supervisor Gregory Picanzo offered her a free meal if she would stay after her shift to meet another new employee, Destiny Twitchel. Dishwasher Joe Daniels was also present. Picanzo began pouring shots of whiskey for Richardson. Richardson has no memory of the night after the first two shots and awoke the next morning in her own bed and without pants on. Through an examination at a hospital, Richardson learned there were abrasions to her vaginal area, and the nurse there reported Richardson's injuries to law enforcement. On September 22, 2017 law enforcement had Richardson wear a wire and ask Picanzo about what had occurred; Picanzo

informed her that he had had sex with her. Richardson then felt she could not return to work at Bertram's Brewery and ceased her employment.

Law enforcement obtained video surveillance footage of the Bertram's Brewery kitchen during the incident, which shows Picanzo serving Richardson at least twelve shots of whiskey and Daniels serving her a clear liquid drink. The video then shows Richardson passed out on the kitchen counter as Daniels grabs and rubs her breasts and repeatedly shoves his hands down her pants while Picanzo observes. The video further shows Picanzo having sex with Richardson while she is lying on the prep table, appearing to pass in and out of consciousness. Though Richardson was made aware on September 22, 2017 that Picanzo had sex with her, she was not aware of the nature and extent of the assault until she viewed the surveillance footage sometime in mid-November 2017.

1. **Motion to Dismiss**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed

factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the plaintiff pleads sufficient facts to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

Two "working principles" underlie the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). First, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79, 129 S. Ct. 1937. Second, only a complaint stating a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a

complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, under Rule 12(b)(6), the Court may not consider any evidence outside the pleadings without converting the motion into one for summary judgment and giving the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). This Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not

whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

   A.   **Motion to Dismiss Title VII Claim as Untimely**

In Bertram's Brewery's motion to dismiss (Dkt. 7), which Picanzo joins (Dkt. 9), Bertram's Brewery argues that Richardson's action is time-barred under 42 U.S.C. § 2000e–5(e)(1) because Richardson filed a claim with the EEOC 318 days after her alleged constructive termination. Richardson, however, states in her response that her claim should be subject to equitable tolling because she was unaware of the full extent of the discriminatory act until she viewed surveillance footage in mid-November 2017, and further, that she was unaware of her civil rights under Title VII or the Idaho Human Rights Act until she retained legal counsel in early August 2018. Dkt. 23.

   i.   Statutory Time Limit

Title VII provides that an employee who wishes to bring a civil action for gender discrimination must file a claim with the Equal Employment Opportunity Commission no later than 300[1] days after the alleged discrimination occurred. 42 U.S.C. § 2000e–5(e)(1). Failure to file an EEOC claim within the statutory time

---

[1] The statutory provision's 300-day limit, rather than the 180-day limit, applies here because Richardson pursued a claim before the Idaho Human Rights Commission. 42 U.S.C. § 2000e–5(e)(1).

limits is not a jurisdictional bar; rather it is treated as a violation of a statute of limitations, and is therefore subject to whatever defenses are available to a statute of limitations violation—including equitable tolling and estoppel. *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir. 2000) (overruled on other grounds in *Socop–Gonzalez v. INS,* 272 F.3d 1176 (9th Cir. 2001)). The limitation period "protects employers from the burden of defending claims arising from employment decisions that are long past," while still guaranteeing civil rights protections for those who assert their rights promptly. *Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980).

To determine the timeliness of the charge, the court first identifies the "unlawful employment practice." *Ricks,* 449 U.S. at 257. Title VII defines an unlawful employment practice as one in which an employer fails or refuses to hire, or discharges an individual, or otherwise discriminates against an individual with respect to "compensation, terms, conditions, or privileges of employment, because of ... race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). In Richardson's amended complaint, she identifies Bertram's adverse employment actions to include unwanted comments, touching, and sexual assault by male employees of Bertram's, as well as constructive termination related to the assault. *Amend. Compl.,* Dkt. 3 ¶¶ 40, 46. The alleged constructive termination—

occurring on September 22, 2017 when Picanzo told Richardson he had had sex with her and Richardson, as a result, stopped returning to work—would be the most recent unlawful action during Richardson's employment. Thus, Richardson filed her charge of discrimination 318 days after the alleged constructive termination. As such, the charge was not timely.

    ii.    Equitable Tolling

Because the 300-day limitation period is treated as a statute of limitations, parties affected by it may raise defenses such as equitable estoppel and equitable tolling. *Santa Maria,* 202 F.3d at 1176. In a statute of limitations setting, equitable estoppel, or fraudulent concealment, may apply where an employer has taken "active steps to prevent the plaintiff from suing in time." *Id.* at 1176 (citation omitted). Nothing in the Amended Complaint suggests grounds for such a claim.

On the other hand, equitable tolling is appropriate where "the danger of prejudice to the defendant is absent, and the interests of justice [require relief]." *Forester v. Chertoff,* 500 F.3d 920, 930 (9th Cir. 2007) (citation omitted). Moreover, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1993). The

burden of showing that equitable tolling should be applied rests with the party seeking its application. *Irwin v. Dept. of Veteran's Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L. Ed. 2d 435 (1990). The Court finds the circumstances of this case justify application of the equitable tolling doctrine.

Bertram's Brewery argues that ignorance of the law alone does not warrant equitable tolling. *Bertram's Brewery Motion to Dismiss*, Dkt. 7-1 at 5–6, citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Though partly true, the Ninth Circuit further requires the Court to inquire as to the reasons underlying a plaintiff's ignorance of the law: "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Santa Maria*, 202 F.3d at 1178. The inquiry does not require that the plaintiff prove any misrepresentation or misconduct by the defendant.[2] *Id.*

---

[2] Richardson claims that "only the Tenth Circuit has taken a contrary view" to the position that an employer's failure to post notice of rights supports application of equitable tolling until the employee learns of her rights. *Response to Motion to Dismiss*, Dkt. 23 at 7. However, the Second Circuit (*See Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 111 (2d Cir. 1978) and Fifth Circuit (*See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 864 (5th Cir. 1983) likewise find that an employer's failure to post notices alone without other misleading, fraudulent or deceptive conduct is insufficient to permit equitable tolling.

Richardson's assertions amount to a reasonable ignorance of her right to file a Title VII claim. Not only did Bertram's Brewery allegedly fail to post notices about employees' rights under Title VII, but Richardson claims the managers there provided her with no hiring paperwork at all. Bertram's purported informal attitude toward employment is inconsistent with their argument that due diligence on Richardson's part should have led to an awareness of her Title VII rights before counsel informed her of those rights in August 2018. Further, the Court finds Richardson's lack of awareness of her rights even more justifiable given the nature of the alleged assault—an incident she claims to not remember nor to have been aware of in detail until mid-November 2017. Though Picanzo told Richardson on September 22, 2017 that he had sex with her, the Court finds that Richardson's awareness of the nature and extent of the alleged assault, which she learned about in November 2017, also reasonably affected her awareness of her right to file a Title VII claim. Bertram's failure to provide notice taken together with Richardson's reasonable ignorance as to the nature of the alleged assault justify the application of equitable tolling to Richardson's complaint.

Finally, Bertram's does not argue that it is prejudiced by Richardson's delay in filing her EEOC complaint. Richardson's complaints with IHRC and EEOC were filed 318 days after her alleged constructive termination date rather than

within 300 days. Bertram's offers no explanation why the 18-day delay has resulted in prejudice. Although the Court finds no evidence of ill intent by Bertram's to delay the filing of Richardson's EEOC complaint, the Court also finds no evidence that Bertram's suffered prejudice from the delay. Courts have recognized that Title VII's purpose of eliminating discrimination in the workplace warrants liberal construction of its procedural requirements. *Flores v. Merced Irr. Dist.,* 758 F.Supp.2d 986, 993 (E.D. Cal. 2010); *Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1177 (9th Cir. 1999). Given that purpose, and the absence of prejudice to Bertram's from the 18-day delay, the Court finds that the interests of justice are served by applying equitable tolling. For these reasons, the Court will deny Bertram's motion to dismiss Richardson's Title VII claim for untimeliness.

    **B.    Motion to Dismiss State Law Claims**

Because the Court will deny dismissal of Richardson's federal claims, it need not address Bertram's or Picanzo's arguments that a dismissal of federal claims should also lead to a dismissal of state law claims. However, Picanzo asserts further that, even if the Court does not dismiss Richardson's federal claims, it should nonetheless decline supplemental jurisdiction over the state law battery claim filed against him as it is distinct from the Title VII matter. This argument fails as well.

Pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction is constitutional if the pendent state law claim is part of the same case or controversy as the federal claim. *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.,* 333 F.3d 923, 925 (9th Cir. 2003). That is the case here. A district court may nevertheless decline jurisdiction under 28 U.S.C. § 1367(a) "if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at 925 n. 1; see also 28 U.S.C. § 1367(c). If such a factual predicate is established, the Court then considers whether declining supplemental jurisdiction would serve the interests of economy, convenience, fairness, and comity. *Executive Software North America, Inc. v. U.S. Dist. Court for the Dist. Of California,* 24 F.3d 1545, 1557 (9th Cir. 1994) (Overruled on other grounds by *California Dept. Of Water Resources v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008).

In this case, Picanzo contends the state law battery claim against him is distinct from the Title VII claims. However, the battery claim is not only part of the same case or controversy as the Title VII claim but is central to Plaintiff's

argument that the assault occurred as a result of a pattern of discriminatory conduct permitted at Bertram's Brewery. As such, Picanzo has failed to establish the required factual predicate. What's more, the Court finds it to be in the interest of economy, convenience, fairness, and comity, for the Court to exercise supplemental jurisdiction over the state law claim against Picanzo. For these reasons, the Court will deny Picanzo's motion to dismiss the state law claims.

Finally, as mentioned herein, the parties have stipulated to the dismissal of Richardson's FMLA claim. Dkt. 22. The Court will approve the stipulation and dismiss the FMLA claim.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Joint Motion to Dismiss Title VII Claims (Dkt. 7, Dkt. 9) is **DENIED**.

2. Defendant's Motion to Dismiss State Law Claims (Dkt. 9) is **DENIED**.

3. The Parties' Joint Stipulation to Dismiss Plaintiff's FLSA Claim Without Prejudice (Dkt. 22) is **GRANTED**.

DATED: **March 19, 2020**

B. Lynn Winmill
United States District Judge